**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lone Star Utilities and Services LLC, | No. CV-25-00415-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Lift Deployment Services LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff Lone Star Utilities and Services LLC's Motion to Amend the Complaint. (Doc. 12.) Defendants have not appeared in this action, nor filed a response in opposition.* For the following reasons, the Court will grant the motion.

**I.**

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If outside the twenty-one-day limit, as is the case here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

---

* The Court deems Defendants' non-response as consent to the motion being granted. LRCiv 7.2(i) (explaining that if "counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily").

**II.**

Plaintiff filed its complaint on February 6, 2025 (Doc. 1), and all Defendants have been served as of April 2, 2025 (Docs. 8, 9, 10). More than 21 days have passed since Defendants were served, and Defendants have not filed a responsive pleading or motion under Rule 12(b), (e), or (f). Plaintiff also has not obtained written consent from Defendants, and therefore, may only amended its pleading with leave of this Court. Fed. R. Civ. P. 15(a)(2).

Rule 15(a)(2) requires courts to "freely give leave when justice so requires." *Id.* The policy in favor of allowing leave to amend must not only be heeded by the Court, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must also be applied with extreme liberality, *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). In determining whether to grant leave to amend, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted). "Not all of the factors merit equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Court assesses each of the five factors in turn. Based on the limited record, the Court does not presume Plaintiff's request is the result of either bad faith or undue delay. Plaintiff explains that an amendment is necessary to clarify the allegations in the complaint after learning more information about the alleged events. (Doc. 12 at 1.) The third factor— the risk of prejudice to the opposing party—also weighs in favor of granting Plaintiff's motion. Defendants have not appeared in this action nor responded to Plaintiff's complaint. The Court has yet to enter a scheduling order in this case and therefore concludes that little to no prejudice will result from permitting Plaintiff to amend its pleading.

The "futility of amendment" factor also counsels in favor of granting Plaintiff leave to amend. Plaintiff seeks to add a claim for breach of the implied covenant of good faith and fair dealing. (Doc. 12-1 ¶¶ 46-52.) Plaintiff also incorporates new allegations relating

to alleged waiver and release agreements between the parties. (*Id.* ¶¶ 16-24.) As a result, the amendment is not futile but goes to the merits of Plaintiff's claims. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.") (internal quotations and citation omitted).

That brings the Court to the fifth and final factor: whether the plaintiff has previously amended the complaint. Because this is Plaintiff's first request, the Court finds the fifth factor weighs in favor of granting Plaintiff leave.

### III.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend the Complaint (Doc. 12) is granted.

**IT IS FURTHER ORDERED** that Plaintiff shall file its amended complaint no later than **July 15, 2025**.

Dated this 8th day of July, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 3 -